**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**UNITED STATES OF AMERICA,**

v.  Case No. 2:17cr00122

**ROGER ODELL HUDSPETH, II**

    **Defendant.**

**Defendant's Motion for Determination of Relatedness
and Assignment of the Related Cases to the Same Judge**

    Now comes the Defendant, Roger Hudspeth, by and through counsel and moves this Honorable Court to issue an order finding that this case is related to the case of *United States v. Daryl Bank, et al*, No. 2:17cr126, presently pending before United States District Court Judge Mark S. Davis, and determining that due to relatedness these cases should heard together by a single judge to be assigned at the discretion of the Court.

    The grounds for determining that the two cases are related and should be assigned to the same judge are as follows: (1) the two cases arise out of the same activities and involve substantially the same facts and the same questions of law; (2) the two cases are very complex, involving dozens of victims and multiple business entities with a significant evidentiary overlap between the two cases; and (3) the two cases would entail substantial duplication of labor if heard by separate District Court Judges and their assignment to the same District Court Judge would effect a substantial saving of judicial effort and would be in the best interests of justice.

1

# FACTS

The defendant, Roger Hudspeth, having cooperated in a lengthy government investigation, has entered a guilty plea to a criminal information filed on August 8, 2017. ECF 1.  That plea was heard and accepted by the Honorable Judge Robert G. Doumar on September 18, 2017. ECF 5.  Hudspeth is scheduled to be sentenced by this Court on May 21, 2018.

Following Hudspeth's plea, the government charged defendants Daryl Bank and Raeann Gibson in a single multi-count indictment, No. 2:17cr126.  That case is assigned to the Honorable Judge Mark S. Davis.  Defendants Bank and Gibson were arraigned and entered pleas of not guilty.  Bank ECF 29 and ECF 16.  The trial of that matter, previously set for April 24, 2018 is now scheduled to begin on November 27, 2018. Bank ECF 80.  The investigation of business entities and individuals connected to and associated with Bank and his companies is ongoing.  The government filed a superceding indictment in the Bank case on April 19, 2018 adding another individual, Billy Seabolt, who is charged in 14 counts of the superceding indictment.  ECF 65.  Mr. Hudspeth may be a witness in that trial which will surely be lengthy and complex.

# ARGUMENT

To promote the efficient administration of the judicial business of the district and to serve the interests of justice, these related cases should be presided over by the same

judge for trial and for sentencing. This position is founded upon the principles which form the basis for Rule of Criminal Procedure 8B, Joinder of Defendants, and Rule 13, Joint Trial of Separate Cases. Because joint trials promote efficiency and play a vital role in the criminal justice system, a district court may order that separate cases be tried together as though brought in a single indictment. *U. S. v. Lawson*, 677 F.3d 629 (4th Cir. 2012); citing *Richardson v. Marsh,* 481 U.S. 200, 209 (1987). Both cases arise out of substantially the same activities and involve the same facts and legal questions. These two cases are factually complex with significant evidentiary overlap, and if heard by separate judges there would be a substantial and unnecessary duplication of judicial effort. Moreover, in order for the court to impose a sentence which is sufficient but not greater than necessary for all defendants who may be convicted in these related cases, and considering possible post-trial motions regarding the defendant's sentence, these cases should be presided over by one judge.

Because Hudspeth has already been found guilty and defendants Bank and Gibson have plead not guilty, joinder is not an appropriate remedy at this point and is not sought by Hudspeth. The legitimate goals of efficiency and avoiding sentencing disparities can be achieved by a determination that these related cases should be heard by a single judge. To have these related matters heard by a single judge promotes judicial economy and serves the interest of justice both for the accused and for the victims. In considering the appropriate sentence for the defendant it will be crucial to properly evaluate specific factors related to the "nature, extent and significance" of the defendant's assistance. *U.S.*

*v. Pearce*, 191 F.3d 488, 493 (4th Cir. 1999). Those factors, among others, enumerated in USSG §5K1.1, are: (1) The Court's evaluation of the significance and usefulness of the defendant's assistance; (2) The truthfulness, completeness and reliability of any information or testimony provided by the defendant; and (3) The nature and extent of the defendant's assistance. *Id* at 492.

Guided by the goals and principles of the criminal procedure rules and in the interest of promoting the fair and efficient administration of justice, many district courts have adopted Local Rules to define, identify and assign related cases where joinder is not sought. The reasoning for such rules is sound. The handling of related cases "by the same judge is likely to result in overall saving of judicial resources, avoid unwarranted disparity at sentencing … [and] would promote consistency in resolution of the cases or otherwise be in the interest of justice." *U. S. v. Lubner*, No. 14-cr-179 (United States District Court Eastern District of Wisconsin, 2014). The Eastern District of North Carolina defines related cases in Local Rule 50.1 as "matters which, by sharing common events or defendants, would entail substantial duplication of labor in pretrial, trial, or sentencing proceedings if heard by different judges, including prior cases that have been closed or dismissed." Local Rule 50.2 describes the procedure by which either the government or counsel for the defendant may give the Court notice of the relatedness of two or more cases so that the court can decide to which single judge the cases should be assigned. (Local Criminal Rules, U.S. District Court for the Eastern District of North Carolina, Rules 50.1, 50.2, Exhibit 1) The United States District Court for the District of

4

Minnesota has adopted local rules to determine whether one criminal case is related to another and which require analysis of several enumerated factors, including whether the case (1) concerns the same act or transactions connected with or constituting a part of a common conspiracy, scheme or plan, (2) involves the same defendants or co-defendants, (3) arises out of the same operative set of facts, behavioral episode or course of conduct, (4) arises out of the same investigation and has temporal proximity to the original case, (5) results from cooperation rendered by a defendant, (6) stems from an investigation of a common organization, and (7) involves other common issues of law or fact, common parties, or other common factors, such that the interests of justice or judicial economy would be best served if the two actions were handled by a single judge. Order for Assignment of Cases, District of Minnesota.[1] (Exhibit 2).

    The two cases here are inextricably intertwined, such that there is a substantial overlap in facts, victims, witnesses, and evidence. This is a complex case involving dozens of victims and multiple business entities which the government anticipates will be tried. Hudspeth expects to be a witness for the government and has cooperated extensively in the investigation since well before his criminal information was filed. It

---

[1] See also Eastern District of North Carolina, Local Criminal Rule 50.2; Eastern District of Pennsylvania, Local Criminal Rule 50.1(d); District of Columbia, Local Criminal Rule 57.12 and 57.13; Southern District of Ohio, Local Criminal Rule 12.1(e)

would be inefficient and burdensome to require that two judges become familiar with the details and intricacies of this complicated case. A single judge sentencing Hudspeth after presiding over the Bank trial will have a better understanding of the defendant's conduct and his culpability relative to the many other individuals involved and be in a position to fully assess the sentencing factors as they apply to Mr. Hudspeth. These two cases involve common issues of law and fact such that the interests of justice and judicial economy will best be served if both cases are heard by the same judge.

Wherefore, Mr. Hudspeth prays that this motion be granted and that this case is determined to be related to *U. S. v. Daryl Bank*, *et al.* and that the court through its internal process determine that a single judge preside over both cases.

Respectfully submitted,

ROGER ODELL HUDSPETH, II


By: _____/s/_____

Jeffrey A. Swartz, Esquire
Virginia State Bar ID No. 28143
Attorney for Defendant, Roger Odell Hudspeth, II
Swartz, Taliaferro, Swartz & Goodove
220 West Freemason Street
Norfolk, Virginia 23510
(757) 275-5000 Telephone
(757) 626-1003 Facsimile
Email: JSwartz@stsg-law.com

## CERTIFICATE OF SERVICE

I certify that on the 6th day of May, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Melissa O'Boyle, Esquire
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number:  757-441-3555
Facsimile Number:  757-441-3205
Melissa.OBoyle@usdoj.gov

_____/s/_____
Jeffrey A. Swartz, Esquire
Virginia State Bar ID No. 28143
For Defendant, Roger Odell Hudspeth, II
Swartz, Taliaferro, Swartz & Goodove
220 West Freemason Street
Norfolk, Virginia 23510
(757) 275-5000 Telephone
(757) 626-1003 Facsimile
Email: JSwartz@stsg-law.com